**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:19-cv-496-MOC**
**(3:18-cr-132-MOC-DSC-1)**

| | | |
|---|---|---|
| **BRYANT SHERARD HOWEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and the Government's Response, (Doc. No. 3).

## I. BACKGROUND

Petitioner was charged by Bill of Indictment[1] with a single count of drug trafficking conspiracy. (3:18-cr-132 ("CR"), Doc. No. 16). The Government filed an Information Pursuant to 21 U.S.C. § 851 setting forth three prior convictions for felony drug offenses. (CR Doc. No. 17).

Petitioner pleaded guilty and admitted to being guilty as charged in Count (1). (CR Doc. No. 20). The written Plea Agreement sets forth Petitioner's sentencing exposure of not less than five years nor more than 40 years' imprisonment and at least four years of supervised release. The Government made charging concessions in Petitioner's case in exchange for Petitioner's agreement to plead guilty. (CR Doc. No. 20 at 1). The Plea Agreement states that Petitioner "stipulates, agrees, and affirms that the Information is accurate and valid for purposes of 21 U.S.C. 851, and that [Petitioner] has no challenge to the same. Thus, [Petitioner] is facing a mandatory

[1] Petitioner waived indictment. See (CR Doc. No. 21).

statutory sentence of not less than ten (10) years nor more than life imprisonment." (CR Doc. No. 20 at 2). The Plea Agreement further states that Petitioner is aware that: "the Court: (a) will consider the advisory *United States Sentencing Guidelines [U.S.S.G.]* in determining the sentence; (b) has not yet determined the sentence and any estimate of the likely sentence is a prediction rather than a promise; (c) has the final discretion to impose any sentence up to the statutory maximum for each count; and (d) is not bound by recommendations or agreements by the United States." (CR Doc. No. 20 at 2). The parties agreed to jointly recommend findings that the offense involved a mixture and substance containing a detectable amount of cocaine, the amount of which that was reasonably foreseeable to Petitioner was at least two kilograms but less than 15 kilograms; the parties retained the right to advocate whether the base offense level should be 26, 28, or 30; the parties reserved the right to advocate whether Petitioner should receive a role enhancement; and either party may argue their respective positions with regards to other specific offense characteristic, cross-references, special instructions, reductions, enhancements, adjustments, departures, or variances. (CR Doc. No. 20 at 3). The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, including the right to be tried by a jury, to be assisted by counsel, to confront and cross-examine witnesses, and not to be compelled to incriminate himself. (CR Doc. No. 20 at 5). The Plea Agreement contains an express waiver of Petitioner's appellate and post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 20 at 5).

A Rule 11 hearing came before Magistrate Judge David Cayer on September 26, 2018. (CR Doc. No. 33). The prosecutor set forth the charge and penalties in open court, including the § 851 notice and its minimum mandatory 10-year sentence and maximum of life imprisonment. (CR Doc. 33 at 5). Petitioner stated under oath that he fully understood the charge and the maximum

and minimum penalties he faced if convicted and the rights he was waiving by pleading guilty. (CR Doc. No. 33 at 1-8). Petitioner agreed that he spoke to his attorney about how the U.S. Sentencing Guidelines might apply in his case, that the Court would not be able to determine the applicable guideline range until after the Presentence Investigation Report (PSR) had been prepared and he had an opportunity to comment on it, and that he may receive a sentence that is different from the guideline range. (CR Doc. No. 33 at 6). Petitioner admitted that he is in fact guilty as charged in the Information. (CR Doc. No. 33 at 8). Petitioner confirmed his understanding that the Government made charging concessions in exchange for his agreement to plead guilty. (Id.). Petitioner stated that he understood each of the provisions in the Plea Agreement, including the appellate and post-conviction waiver. (CR Doc. No. 33 at 10-12). Petitioner stated he is aware a Factual Basis is filed as an attachment to the Plea Agreement, and that he understood and agreed with it. (CR Doc. No. 33 at 13). Petitioner stated that he had enough time to discuss any possible defenses with his attorney, he was satisfied with his attorney's services, and that nobody threatened, intimidated, or forced him to enter a guilty plea. (CR Doc. No. 33 at 13). Counsel confirmed that he reviewed each of the terms of the Plea Agreement with Petitioner and that he is satisfied that Petitioner understands them. (CR Doc. No. 33 at 14). A written Factual Basis was filed along with the Plea Agreement. (CR Doc. No. 19).

The PSR calculated the base offense level as 30 because Petitioner was responsible for at least five kilograms but not more than 15 kilograms of cocaine. (CR Doc. No. 28 at ¶18). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 27. (CR Doc. No. 28 at ¶¶ 25-27). Petitioner had four criminal history points, resulting in a criminal history category of III. (CR Doc. No. 28 at ¶¶ 39-40). This resulted in a guideline range of between 87 and 108 months' imprisonment, however, the minimum statutory sentence is 10 years'

imprisonment, so the guideline term of imprisonment is 120 months. (CR Doc. No. 28 at ¶ 70). No objections to the PSR were filed.

At the sentencing hearing, Petitioner confirmed that he answered the questions at the Rule 11 hearing truthfully and that he would answer them the same way if he were asked again. (CR Doc. No. 34 at 2). The Court affirmed Judge Cayer's finding that the plea was knowingly and voluntarily made and that Petitioner understood the charges, potential penalties, and consequences of his plea. (CR Doc. No. 34 at 3-4). Petitioner confirmed that he read the PSR, went over it with his lawyer, and understood it. (CR Doc. No. 34 at 5). The parties confirmed their understanding that the minimum mandatory term of imprisonment is 10 years. (CR Doc. No. 34 at 6-7). Petitioner chose to address the Court, stating: "I apologize to the Court and I accept responsibility for my actions." (CR Doc. No. 34 at 7). The Court imposed the statutorily required 120-month sentence. (CR Doc. No. 34 at 8). The Judgment was entered on September 28, 2018. (CR Doc. No. 31).

Petitioner filed the instant § 2255 Motion to Vacate on September 25, 2019. (Doc. No. 1). He argues that (renumbered): (1) deficient pre-plea advice from counsel about Petitioner's sentencing exposure rendered his guilty plea unknowing and involuntary; (2) counsel was ineffective for failing to object to the § 851 enhancement; and (3) counsel was ineffective for failing to consult with Petitioner about an appeal. Petitioner attached to his § 2255 Motion to Vacate a Declaration in which he states:

> Prior to entering my guilty plea, [counsel] did not explain to [Petitioner] the role of the Sentencing Guidelines in determining [his] sentence.
>
> [Counsel] did not discuss with [Petitioner] the possibility of receiving the lower end of the guideline sentencing range if [the § 851] enhancement was properly argued.
>
> Had [counsel] properly advised [him] prior to pleading guilty, there is a reasonable probability that [Petitioner] would not have pled guilty and would have proceeded to trial instead.

> [Counsel] also did not discuss with [Petitioner] any advantages or disadvantages of an appeal and simply advised [him] that [he] could not appeal.
>
> …
>
> Had [counsel] consulted with [Petitioner] about filing an appeal, [Petitioner] would have asked him to file an appeal on [his] behalf.

(Doc. No. 1 at 1).

The Government filed a Response asserting that Petitioner's Motion to Vacate should be denied because the record conclusively refutes Petitioner's contention that counsel provided misadvice that rendered the guilty plea involuntary; Petitioner failed to demonstrate deficient performance and prejudice with respect to sentencing where he received the minimum mandatory sentence allowed by statute; and Petitioner has not shown that counsel was deficient for allegedly failing to consult with him about an appeal where Petitioner agreed to plead guilty to the offense while knowing that it carried a statutory mandatory minimum 10-year sentence and Petitioner voluntarily agreed to the appellate waiver in his plea agreement.

The Government attached to its Response an Affidavit by Petitioner's former defense counsel, Richard Eugene Beam, Jr., stating that he was retained to represent Petitioner on state drug charges for which he was facing a mandatory sentence of 175 to 222 years' imprisonment. (Doc. No. 3-1 at 1). Once federal authorities began to show interest in the case, Petitioner authorized counsel to begin plea discussions with the federal prosecutor. Those discussions culminated in Petitioner pleading guilty to the Information pursuant to the Government's § 851 Notice that Petitioner was facing a mandatory sentence of 120 months' imprisonment. Counsel, pursuant to his legal duties, informed Petitioner of the consequences of the waivers of his appellate and post-conviction rights. (Doc. No. 3-1 at 2). Petitioner chose to plead guilty pursuant to the Plea Agreement. According to counsel, the following then transpired:

> [D]uring the process of going through the Presentence Report with [Petitioner], [Petitioner] indicated that he may appeal the expected sentence of 120 months.
>
> [C]ounsel informed [Petitioner] that he could enter Notice of Appeal; however, counsel did remind [Petitioner] of the waivers contained within the plea agreement concerning such appeals and that counsel had serious reservations about the merit of any appeal on his behalf.
>
> [Petitioner] was advised by the Court that he could enter Notice of Appeal during his sentencing hearing and the time limits for doing such and [Petitioner] indicated to the Court that he understood his rights concerning the issue of appeal.
>
> [Petitioner] never indicated in any way that he wished counsel to enter Notice of Appeal on his behalf.
>
> [Petitioner] was aware of how to contact counsel and had numerous people contact counsel on his behalf during the period of representation.

(Doc. No. 3-1 at 2).

Petitioner was granted two extensions of time to file a reply but the time to do so has expired and no reply has been filed. See (Doc. Nos. 5, 7).

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The right to the effective assistance of counsel includes the right to appellate representation. Counsel must file a notice of appeal when instructed by his client to do so and, if counsel fails to do so, prejudice is presumed. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Garza v. Idaho, 139 S. Ct. 738 (2019) (the presumption of prejudice applies regardless of whether the defendant has signed an appeal waiver). However, even if the client does not expressly request an appeal, counsel has a constitutional duty to consult with a defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Flores-Ortega, 528 U.S. at 480; Gordon v. Braxton, 780 F.3d 196, 200 (2015); United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010). Dereliction of either of these duties constitutes deficient performance. Flores-Ortega, 528 U.S. at 484; Gordon, 780 F.3d at 200. A defendant establishes prejudice in these circumstances by demonstrating a reasonable probability that he would have filed an appeal "but for" counsel's failure to consult. Flores-Ortega, 528 U.S. 484; see United States v. Poindexter, 492 F.3d 263, 268–69 (4th Cir. 2007). A defendant is under no obligation "to demonstrate that his hypothetical appeal might have had merit." Flores-Ortega, 528 U.S. at 486.

Petitioner filed a Declaration alleging that counsel did not discuss with him the advantages or disadvantages of appealing, that counsel simply told Petitioner that he could not appeal, and that Petitioner would have asked counsel to file an appeal had counsel consulted with him

adequately. (Doc. No. 3-1). The Government attempts to refute these allegations with an Affidavit of former defense counsel in which counsel admits that Petitioner "indicated that he may appeal the expected sentence of 120 months" while Petitioner and counsel were going over the PSR, that counsel told Petitioner that he could enter a notice of appeal but he reminded Petitioner that he had waived his right to appeal in the Plea Agreement and that counsel had serious reservations about the merit of any appeal. (Doc. No. 3-1 at 2). However, Petitioner never indicated that he wanted counsel to file a notice of appeal on his behalf.

The Affidavit of former defense counsel indicates that Petitioner reasonably expressed interest to counsel in appealing. (Doc. No. 3-1 at 2). Petitioner and his former lawyer disagree, however, about the content of their discussion and whether counsel provided correct advice about the availability of an appeal. Determining whether counsel provided the misadvice that, Petitioner alleges, was a but-for cause for his failure to pursue an appeal would require an evidentiary hearing. See generally Poindexter, 492 F.3d at 273 (where a court is presented with conflicting verified statements on the issue of whether a defendant unequivocally requested that his counsel file a notice of appeal, an evidentiary hearing is required to resolve that question of fact). The court finds that it is in the interest of judicial economy to grant Petitioner's Motion to Vacate on this ground and enter an amended Judgment from which Petitioner will have the opportunity to take an appeal. Petitioner's remaining claims will be dismissed without prejudice. This Order is without prejudice for Petitioner to file a second Motion to Vacate after he appeals his conviction.

## V. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's § 2255 Motion to Vacate on his claim of ineffective assistance of counsel for failing to file a notice of appeal and dismisses the

remaining claims without prejudice. The Court will file an Amended Judgment so that Petitioner can file a timely notice of appeal with the Fourth Circuit Court of Appeals.

**IT IS, THEREFORE, ORDERED** that:

1. The § 2255 Motion to Vacate, (Doc. No. 1), is **GRANTED** in part and **DISMISSED** in part as stated in this Order. Furthermore, this Order granting Petitioner's § 2255 Motion to Vacate shall be without prejudice to Petitioner to file a second Motion to Vacate after he appeals his conviction.

2. The Court shall file an Amended Judgment consistent with this Order so that Petitioner may file a Notice of Appeal to the Fourth Circuit Court of Appeals.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 6, 2020



Max O. Cogburn Jr
United States District Judge